## MOLT v. HOVER.

[No. 5,973.    Filed November 22, 1907.]

1. TRIAL.—*Instructions.—Work and Labor.—Physicians.—Services. —Voluntary Payment.*—In an action by a physician against the proprietor of a hospital for medical services rendered, at the proprietor's request, to a patient of such hospital, and for nurse hire paid by such physician, an instruction that he could not recover for such nurse hire is proper, where he testified that he engaged the nurse without defendant's consent and paid her for the services rendered after knowledge of defendant's refusal to pay her. p. 553.

2. SAME.—*Instructions.—Parol.—Consent.*—The giving of parol instructions, without the consent of the parties, constitutes reversible error. p. 553.

From Marion Circuit Court (12,057); *Henry Clay Allen,* Judge.

Action by William F. Molt against Blanche Hover. From a judgment for defendant, plaintiff appeals. *Reversed.*

*M. M. Bachelder,* for appellant.

COMSTOCK, J.—This action was commenced in the court of a justice of the peace and judgment was rendered against the appellant, who was plaintiff below, for costs. From said judgment he appealed to the Superior Court of Marion county. A trial in the court last named, before a jury, resulted in a verdict and judgment for appellee.

The only error assigned is the action of the court in overruling appellant's motion for a new trial. An amended complaint filed before the justice of the peace stated, in substance, that the defendant was the owner, proprietor, and manager of a maternity home and lying-in hospital in the city of Indianapolis; that from March 27, 1902, until April 24, 1902, the plaintiff, at the request of the defendant, rendered medical attention to a woman, then about to be confined, in said maternity home, and at her request procured a nurse for, and had consulting physicians attend upon, said woman; that the defendant is indebted to him in the sum of

$181 for medical attention and for nurse hire furnished as aforesaid. A bill of particulars is filed with the complaint. This complaint was the only pleading in the cause.

The third, fourth, fifth, sixth and seventh reasons for a new trial are, respectively, that the court erred in giving instructions one, two, three, four and five. These instructions, in substance, correctly informed the jury that, under the statute of frauds, one cannot be held liable for the debt of another, unless the promise to pay said debt is in writing, signed by the person sought to be charged; that, to entitle plaintiff to recover, it must appear from the evidence that there was a contract entered into between plaintiff and defendant that the services were in the first instance to be charged to the defendant, and that they were to be rendered on her account; that, unless the jury found, from a preponderance of the evidence, that such contract was so entered into, the verdict should be for the defendant. The fifth instruction was that, if the jury found, from a

1. fair preponderance of the evidence, that said contract was so entered into, the verdict should be for the plaintiff, and damages should be assessed in such sum as would reasonably compensate him for the services rendered. This instruction limited plaintiff's right to recover to services rendered by him alone, eliminating any claims for nurse hire and for the attending physician. Appellant was not injured by this omission, for he testified that he had engaged the nurse without being requested by appellee to do so, and paid her without being requested by appellee to do so; and that he paid her after the appellee had refused to do so. Appellant virtually concedes that he cannot recover for the services of the consulting physician.

The eighth reason for a new trial is that the court erred in not giving instructions four and five to the jury in writing. The same were given in parol, and the court did not

2. have the stenographer take the same down in shorthand at the time of giving the same, nor at any other

time. They should have been in writing. An act concerning proceedings in civil procedure approved March 9, 1903 (Acts 1903, p. 338, §544a Burns 1905), provides that all instructions given by the court shall be in writing. The failure so to give them was reversible error. To the manner of giving them and to their contents appellant timely excepted. The statute contains the provision that if the parties consent thereto the court may instruct the jury orally. In the case at bar no such consent was given. For this error the judgment must be reversed, and as other questions presented are not likely to arise upon a second trial they need not be considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.